**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STAUB CLEANERS, INC., and Ben Barnet Cleaners, Inc., Respondents.**

No. 91, Docket 29604.

United States Court of Appeals Second Circuit.

Argued Oct. 26, 1965.

Decided March 9, 1966.

William Wachter, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Melvin Pollack, N. L. R. B., Washington, D. C., on the brief), for petitioner.

Richard L. Epstein, Rochester, N. Y. (James W. Ely, Jr., Harris, Beach, Wilcox, Dale & Linowitz, Rochester, N. Y., on the brief), for respondents.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and LEVET, District Judge.*

LEVET, District Judge:

The National Labor Relations Board petitions for enforcement of its order under Section 10 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board's decision and order are reported at 148 NLRB 278. The Board, agreeing with the Trial Examiner, found violations of Sections 8(a) (1), 8(a) (3), and 8(a) (5) of the National Labor Relations Act. Specifically, it found that the respondents, Staub Cleaners, Inc. and Ben Barnet Cleaners, Inc., violated Sections 8(a) (5) and 8(a) (1) by refusing to bargain and by unilaterally. changing the existing wage structure in a department, violated Sections 8(a) (3) and 8(a) (1) by discharging two employees for their union a ctivities, and violated Section 8(a) (1) by creating an impression of surveillance of union activities, by interrogating employees concerning the union and their votes in a representational election, and by discharging six employees for engaging in concerted activities for their mutual aid and protection. The Board issued an appropriate cease and desist order, directed the revocation of the unilateral wage changes, directed reinstatement with backpay of discharged employees, and ordered respondents to bargain collectively upon request.

The violations found flow from a common source, the successful campaign of Local 39 of the Laundry and Dry Cleaning Union to organize respondents' plant. The respondents contest only the violations based on their refusal to bargain. The uncontested violations are all amply supported by the record. As to the refusal to bargain, they claim that the Board erroneously certified the election with the result that their refusal was justified.

Respondents' attack on the election is two-fold. First, they claim that the plant unit, found by the Regional Director, was not an appropriate bargaining unit since respondents' retail clerks were thereby excluded. Second, they claim that the election is invalidated by the existence of a rumor that Negro employees would be discharged and replaced with whites if the Union lost.

The first claim is without merit. In determining an appropriate bargaining unit, the Board has a large measure of discretion. Packard Motor Car Co. v. NLRB, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947). The record shows no abuse of discretion since there was no regular interchange between the plant and the retail stores which were under separate supervision.

The second claim presents a different picture. After the election, respondents moved to have the election set aside on the ground that the Union had circulated a rumor among employees eligible to vote that if the Union lost the election Negro employees would be discharged and replaced with whites. The Regional Director found that the rumor originated with a rank and file employee, not with the Union. Nothing in the record belies this. The Regional Director then held that, since Union responsibility had not been shown, "the Employer's objections do not raise substantial or material factual issues with respect to the conduct of the election."

* Sitting by designation.

In so holding, the Regional Director has completely ignored the doctrine developed by the Board that "[e]lements, regardless of their source, which in the experienced judgment of the Board make impossible impartial tests, are sufficient grounds for the invalidation of an election." P. D. Gwaltney, Jr. & Co., 74 NLRB 371, 373 (1947). The Regional Director, in fact, found that the rumor existed and was repeated at the plant "apparently being interpreted by other employees in a serious manner." The Regional Director, nevertheless, denied respondents' request for a hearing on the matter and, thus, foreclosed the avenue to findings on the impact of the rumor on the election here. Reviewing courts should not be forced to speculate as to what the facts are and as to what the Board's decision would have been. The Board's function is to hear the evidence and make findings. This case must be remanded to the Board for findings on the rumor issue.

Respondents also seek to have the name of Ben Barnet Cleaners, Inc. deleted as a respondent. Respondents conceded in the proceedings before the Board that Staub and Barnet were a single business enterprise only because they were contending that Barnet's retail clerks should be included in the bargaining unit. The Regional Director rejected that claim, but yet refused even to hold a hearing when respondents sought to change their position when the unit established by the Regional Director did not include any employees on Barnet's payroll. Respondents now claim that Barnet will suffer a loss of good will if an order is enforced against it and that such an order would add nothing to the efficacy of the Board's order. Since this case must be remanded to the Board for findings on the rumor issue, it will be well also for the Board to make findings on which company or companies are the proper parties to this proceeding. An order, nevertheless, will issue against Staub enforcing the uncontested portion of the Board's order.

The order of the Board is enforced against Staub Cleaners, Inc. except in so far as it requires Staub to bargain, as to which enforcement is denied. The case is remanded to the Board for further proceedings not inconsistent with this opinion.